IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-913-NJR-DGW |
| | ) |
| JOHN COE, WEXFORD HEALTH SOURCES, INC., STEVE DUNCAN, PHIL MARTIN, and VICTOR CALLOWAY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 135), which recommends denying the motion for summary judgment for failure to exhaust administrative remedies filed by Defendant Wexford Health Sources, Inc. ("Wexford") (Doc. 105) and granting the partial motion to dismiss filed by Wexford (Doc. 110). The Report and Recommendation was entered on June 15, 2018. Smith filed an objection to the Report and Recommendation on June 29, 2018 (Doc. 144). For the following reasons, the Court adopts the Report and Recommendation in its entirety.

### BACKGROUND

Smith, an inmate currently housed at Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 during the time he was housed at Lawrence Correctional Center. Specifically, Smith alleges that he suffers from severe chronic headaches and associated symptoms, including deteriorating

eyesight. He currently proceeds on claims for deliberate indifference to a serious medical need against Defendants John Coe, Steve Duncan, and Phil Martin, and a policy and practice claim against Wexford (Doc. 107). As to the police and practice claim, Smith alleges that Wexford had an "actual policy and practice of delaying medical treatment involving severe headaches and pain in general, and that policy or practice caused [him] unnecessary pain and suffering from 2014 to the present." Smith also sues Defendant Victor Calloway in order to effectuate the injunctive relief sought in this action. As to Smith's claim against Defendant Coe, the medical doctor, Smith alleges that Defendant Coe persisted in an ineffective and inadequate course of treatment constituting a substantial departure from accepted medical judgment, standards, and practices. Smith asserts that Wexford is responsible under the doctrine or *respondeat superior* for Defendant Coe's actions.

On April 2, 2018, Wexford filed a motion for summary judgment arguing that Smith failed to exhaust his administrative remedies prior to filing suit because he did not identify Wexford by name in his grievances or specifically state that the denial of an MRI was due to a Wexford policy or procedure (Doc. 106). Smith responded arguing that his two June 2015 grievances reasonably indicate that Defendant Coe's medical decisions were guided by Wexford's policies and procedures (Doc. 113).

On April 24, 2018, Wexford filed a partial motion to dismiss Smith's allegations of *respondeat superior* liability against Wexford (Doc. 110). Specifically, Wexford argued that there is no vicarious liability in Section 1983 claims according to Seventh Circuit case law (*Id.*). Smith responded arguing that the dicta in *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782,

789-796 (7th Cir. 2014), militates against dismissing the *respondeat superior* allegations (Doc. 118).

**THE REPORT AND RECOMMENDATION**

As to the motion for summary judgment relating to exhaustion, Magistrate Judge Wilkerson found that Smith's June 26, 2015 grievance put the State on notice that he was complaining about Wexford's policy of denying MRI's as too costly. Specifically, Smith stated in this grievance that Defendant Coe told him he needed a "functional MRI" but could not have one because it would "cost too much." (Doc. 106-1, p. 14). This grievance was appealed to and denied by the Administrative Review Board (Doc. 106-1, p. 9). Magistrate Judge Wilkerson concluded that, because this grievance references the denial of medical care due to budget concerns, as opposed to a medical determination, the State would have been on notice that Smith was complaining about an administrative policy or procedure of Wexford. Thus, he recommends denying the motion for summary judgment for failure to exhaust administrative remedies.

As to the partial motion to dismiss, Magistrate Judge Wilkerson found that that this Court is bound by Seventh Circuit precedent which holds that claims under *respondeat superior* are not viable in the context of Section 1983. He reasoned that, although the Seventh Circuit in *Shields* questioned whether *respondeat superior* liability should continue to be foreclosed in Section 1983 cases involving corporations, that case did not overrule prior case law. In fact, the Court specifically stated that it would take a decision by the Seventh Circuit sitting en banc or pursuant to Circuit Rule 40(e), or a decision by the Supreme Court, to overrule those decisions. Thus, Magistrate Judge Wilkerson

recommends granting the partial motion to dismiss.

## Discussion

When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., Federal Practice and Procedure § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

Here, Smith objects to the portion of the Report and Recommendation that recommends granting the partial motion to dismiss "in order to preserve his right to appellate review." (Doc. 144, p. 2). Thus, Smith largely reiterates the arguments set forth in his response to Wexford's partial motion to dismiss, arguing that the law regarding *respondeat superior* liability for private corporations in the context of Section 1983 claims is unsound and should be altered according to the statements made in *Shields*. But as Smith himself concedes, those statements are only dicta. As Magistrate Judge Wilkerson

thoroughly explained, this Court is bound by Seventh Circuit precedent which holds claims under *respondeat superior* are not viable in the context of Section 1983. *See Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). Thus, the Court agrees that Wexford's partial motion to dismiss should be granted.

As to the portion of the Magistrate Judge Wilkerson's Report and Recommendation that recommends denying the motion for summary judgment for failure to exhaust administrative remedies, the Court has reviewed that portion for clear error and finds none. Thus, the Court adopts the Report and Recommendation in its entirety.

## Conclusion

For these reasons, the Court **OVERRULES** Smith's objection (Doc. 144), **ADOPTS** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 135), **DENIES** Wexford's motion for summary judgment for failure to exhaust administrative remedies (Doc. 106), and **GRANTS** Wexford's partial motion to dismiss (Doc. 110).

**IT IS SO ORDERED.**

DATED: November 21, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**