IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-913-NJR-GCS ) |
| JOHN COE, WEXFORD HEALTH SOURCES, INC., STEVE DUNCAN, PHIL MARTIN, and VICTOR CALLOWAY, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson[1] (Doc. 192), which recommends denying the Motion for Summary Judgment filed by Defendants John Coe and Wexford Health Sources, Inc. (Docs. 162 and 163) and denying the Motion for Summary Judgment filed by Defendants Steve Duncan, Phil Martin, and Victor Calloway (Docs. 174 and 175). The Report and Recommendation was entered on December 6, 2018. Wexford filed an objection on December 19, 2018 (Doc. 196), to which Smith responded on December 28, 2018 (Doc. 2018). For the following reasons, the Court adopts the Report and Recommendation and denies both motions for summary judgment.

## BACKGROUND

Smith, an inmate currently housed at Danville Correctional Center, filed a

---

[1] In light of Judge Wilkerson's recent retirement, this case was reassigned to Magistrate Judge Gilbert C. Sison (Doc. 206).

complaint on July 5, 2016, for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1 in Case No. 16-cv-745). Several counts in that complaint were severed to form this case, which allege claims of deliberate indifference to a serious medical need and failure to respond to grievances regarding Smith's medical condition. The Court conducted a threshold review of the severed complaint and determined that Smith could proceed on his deliberate indifference to a serious medical need claim, but the Court dismissed without prejudice his failure to respond to grievances claim (Doc. 6). Smith subsequently amended his complaint two times (Docs. 76 and 107). He currently proceeds on claims for deliberate indifference to a serious medical need against Defendants Dr. Coe (a medical doctor employed by Wexford and working at Lawrence Correctional Center), Duncan (the warden at Lawrence Correctional Center), and Martin (the healthcare administrator at Lawrence Correctional Center), and a policy and practice claim against Wexford (Doc. 107). Smith seeks damages, as well as injunctive relief.

Smith began suffering from severe headaches in 2014 (Doc. 188-1, p. 4). Along with the headaches, he often experienced head pressure and arm tingling (*Id.*, p. 6). Over time, he was treated by Dr. Coe with various medications, some of which helped to reduce the pain, some of which did not (*Id.*). In October 2014, Dr. Coe noted that the arteries on the left side of Smith's head were tender and that Smith suffered from photophobia and phonophobia (Doc. 163-1, p. 4; 163-2, 25:18-26:17).

In November 2014, the medical records indicate that Smith's headache pain was constant and "chronic" (Doc. 163-1, p. 9). The records further note that Topamax was not relieving Smith's pain (*Id.*). Notes from December 2014 show that Smith was having

pressure on the left side of his head along with nasal and eye problems (Doc. 163-1, p. 7). By June 2015, Smith had developed blurred vision in his left eye, along with visions of "balls with tails" in front of that eye (Doc. 163-1, p. 21). He saw Dr. Coe several more times that month and continued to report tenderness of his scalp arteries and sensitivity to light (Docs. 163-1, p. 22-24).

On March 16, 2016, Smith saw an optometrist who determined that the headaches were not caused by vision problems (Doc. 163-1, p. 53). Smith continued to experience dizziness, diplopia, photophobia, and blurry vision (Doc. 163-1, p. 38). Smith's headaches were increasing in severity, and he was not responding to treatment (*Id.*).

Over the years, Smith was prescribed multiple different medications to treat his head pain, including Excedrin migraine, Topamax, Tylenol, Prednisone, and Imitrex, none of which gave him relief (Doc. 163-1).

The medical records indicate that, on April 15, 2016, Physician's Assistant James saw Smith and recommended a collegial review for imaging (MRI) due to Smith's unresponsiveness to medication (Doc. 163-1, p. 40). Smith subsequently requested an MRI but was told by Dr. Coe that he could not order one due to cost (Doc. 175-3, p. 6; Doc. 188-1, p. 4, 17).

Smith filed multiple grievances requesting a CT scan or MRI (Docs. 190-1, 190-3, 188-6). The records indicate that Warden Duncan denied at least two emergency grievances on December 10, 2014, and January 8, 2015 (Doc. 190-1, pp. 3-6). In both of those grievances, Smith complains about unbearable headaches and claims that the medication is not helping (Doc. 190-1, pp. 3-6). In one of those grievances, Smith alleges

that Coe denied his request for an MRI based on costs (Doc. 175-3, p. 6).

Smith sues Dr. Coe for persisting in an ineffective and inadequate course of treatment constituting a substantial departure from accepted medical judgment, standards, and practices (*Id.*, p. 12). He also sues Duncan and Martin because they were made aware of his serious medical condition, but took no corrective action to address it (*Id.*). Smith also sues Wexford for having an "actual policy and practice of delaying medical treatment involving severe headaches and pain in general, and that policy or practice caused [him] unnecessary pain and suffering from 2014 to the present." (*Id.*) Smith also sues Calloway in order to effectuate the injunctive relief sought pursuant to this action.

On October 15, 2018, Dr. Coe and Wexford moved for summary judgment (Docs. 162 and 163). Nine days later, Calloway, Duncan, and Martin moved for summary judgment (Docs. 174 and 175). On December 6, 2018, Magistrate Judge Wilkerson issued a Report and Recommendation, recommending that the Court deny both motions (Doc. 192).

Previously, on November 21, 2018, the Court granted Smith's Motion for Preliminary Injunction and ordered Defendants to schedule Smith to be evaluated by an outside neurologist (Doc. 185). On January 18, 2019, Smith was seen by Sarah H. Henry, a Certified Neuroscience Registered Nurse and Board-Certified Advanced Practice Nurse who practices under the supervision of a neurologist at Carle Physician group Department of Neurology (Doc. 207). She ultimately prescribed Amitriptyline for Smith's headaches (Doc. 208).

## THE REPORT AND RECOMMENDATION

Judge Wilkerson recommends denying the Motion for Summary Judgment filed by Defendants Dr. Coe and Wexford. As to Dr. Coe, Judge Wilkerson found that Smith's headaches constituted a serious medical need and a reasonable jury could find that Dr. Coe was deliberately indifferent to that serious medical need when the medical regimens he prescribed proved to be ineffective, yet he persisted in that ineffective treatment rather than referring Smith for an MRI or neurological consult. As to Wexford, Judge Wilkerson found that Smith's testimony that Dr. Coe told him he could not have the tests due to cost, coupled with the language of the "Cost Considerations" section of the Wexford policies, is sufficient evidence for a jury to find that Wexford's policy or practice was the basis for Dr. Coe's alleged constitutional violation.

Judge Wilkerson also recommends denying the Motion for Summary Judgment filed by Defendants Duncan, Martin, and Calloway. As to Duncan, Judge Wilkerson found that there was evidence that Duncan was aware that the treatment Smith was receiving was not alleviating his pain and that he was being denied necessary treatment based on cost. Thus, Judge Wilkerson concluded that a reasonable jury could find that Duncan's failure to investigate the truthfulness of that allegation was in effect turning a blind eye to a constitutional violation. As to Martin, Judge Wilkerson similarly found that a reasonable jury could conclude that, despite being aware of complaints regarding the ineffectiveness of Smith's medical care, Martin failed to do any reasonable investigation and instead turned a blind eye to Smith's ongoing pain.

Judge Wilkerson also found that Defendants Martin and Duncan were not entitled

to qualified immunity because (1) Smith alleged facts sufficient to state a violation of the Eighth Amendment, and (2) that right was clearly established because Duncan and Martin should have been aware that ignoring written grievances and other communications by Smith regarding the denial of necessary medical care could violate the Eighth Amendment.

As to Defendant Calloway, who is sued in his official capacity only, Judge Wilkerson found his claim of sovereign immunity to be unfounded.

## DISCUSSION

When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have been made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). When objections are not made, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject or modify the magistrate judge's recommended

decision." *Harper*, 824 F. Supp. at 788. Accordingly, the Court will conduct a *de novo* review of the Report and Recommendation regarding the claim against Wexford and a clear error review of the remaining portions.

Wexford argues in its objection that Smith has failed to meet his burden of showing that cost was the moving factor behind Dr. Coe's decision, especially because Dr. Coe testified that cost did not play a role in his decision and that he had no recollection of cost being a part of any of the protocols issued by Wexford. Wexford further argues that the only evidence Smith has to support his accusations is his own testimony, which cannot on its own defeat summary judgment.

The Court disagrees with Wexford's assertion that Smith has failed to create an issue of fact sufficient to defeat summary judgment. Dr. Coe testified that cost did not play a role in his decision (Doc. 196-1, p. 2), but Smith testified that Dr. Coe told him that he could not have imaging tests done due to cost (Doc. 188-1, p. 4, 17). Smith also filed a grievance regarding Dr. Coe's statement that cost was a factor (Doc. 175-3, p. 6). Judge Wilkerson was correct to conclude that this evidence presented by Smith, coupled with the "Cost Considerations" section of Wexford's policy (*see* Doc. 189, p. 5), creates a question of fact that precludes summary judgment.

As to Wexford's argument that Smith's evidence is self-serving, the Seventh Circuit has explained that "[t]he term 'self-serving' may not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment." *Hill v. Tengherlini*, 724 F.3d 965, 967 (7th Cir. 2013). Smith's statements are based on personal knowledge and thus it is appropriate for the Court to

consider them as evidence.

The Court agrees with Magistrate Judge Wilkerson that there is sufficient evidence for a jury to find that Wexford's policy or practice was the basis for the alleged constitutional violation. After conducting a *de novo* review of Wexford's objection to Judge Wilkerson's Report and Recommendation and a clear error review of the remaining portions of Judge Wilkerson's Report and Recommendation, the Court finds that the motions for summary judgment should be denied.

## CONCLUSION

For these reasons, the Court **OVERRULES** Wexford's objection (Doc. 196) and **ADOPTS** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 192). The motions for summary judgment (Docs. 162 and 174) are **DENIED**.

This case remains set for a **Final Pretrial Conference at 10:30 a.m. on June 20, 2019 and a Jury Trial at 9:00 a.m. on July 16, 2019**. The parties are **DIRECTED** to contact Judge Sison if they feel a settlement conference would be beneficial.

**IT IS SO ORDERED.**

**DATED:   May 8, 2019**

                                                                *[signature]*
                                                            **NANCY J. ROSENSTENGEL**
                                                            **United States District Judge**