IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT E. SMITH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN COE, WEXFORD HEALTH SOURCES, INC., STEVE DUNCAN, and PHIL MARTIN,<br><br>　　　　　　　　Defendants. | Case No. 3:16-CV-913-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Plaintiff Vincent E. Smith, an inmate in the Illinois Department of Corrections, filed this lawsuit in August 2016 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). His claims were tried to a jury in July 2019, and the jury found in favor of Defendants. Judgment was entered on July 25, 2019 (Doc. 262).

　　Now pending before the Court is the Bill of Costs filed by Defendants John Coe and Wexford Health Sources, Inc., on August 7, 2019, seeking a total of $1,191.62 (Doc. 265), and the Bill of Costs filed by Defendants Steve Duncan and Phil Martin on August 16, 2019, seeking a total of $1,093.45 (Doc. 270). On October 1, 2019, Smith filed timely objections to both Bills of Costs (Doc. 275). Smith asserts he should not be required to pay the costs, as he was permitted to proceed *in forma pauperis*, he remains incarcerated and has no income, and he won injunctive relief and went to trial, demonstrating his claims were not frivolous or malicious.

　　Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than

attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, Smith was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation. Accordingly, the Court finds that Smith is incapable of paying Defendants' costs at this time. Furthermore, given his expected release date of March 4, 2027,[1] the Court finds that Smith is incapable of paying the costs at any time in the near future.

Turning to the amount of the costs, Defendants seek a total of $2,285.07. That sum,

---

[1] *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited April 13, 2020).

while not astronomical, is quite substantial to a prisoner proceeding *in forma pauperis*. Furthermore, Smith filed this case in good faith as evidenced by the Court's award of injunctive relief in the form of a consultation with an offsite neurologist and the fact that the case culminated in a three-day jury trial. While the jury ultimately found in favor of Defendants, the issues were close enough that the jury reasonably could have found for Smith.

For these reasons, the Court finds that Defendants' Bills of Costs should be denied. Plaintiff Vincent Smith's objection (Doc. 275) is **SUSTAINED**. Defendants' Bills of Costs (Docs. 265, 270) are **DENIED.**

**IT IS SO ORDERED.**

DATED: April 14, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**